IN THE UNITED STATES DISCTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 3:19cr173CWR-FKB

MELECIA BALTAZAR-SEBASTIAN

**GOVERNMENT'S REPLY IN SUPPORT OF ISSUANCE
OF WRIT OF HABEAS CORPUS AD PROSECUNDUM**

COMES NOW the United States, through its undersigned Assistant United States Attorney, and hereby files its reply to the motion to set aside order for writ of habeas corpus ad prosecundum and related pleadings (ECF ## 25, 26 & 27).

**Background**

1. On August 7, 2019, the Defendant was arrested by Immigration and Customs Enforcement ("ICE") following the execution of search warrants at chicken processing companies across central Mississippi. On August 20, 2019, the Defendant was indicted for misuse of a social security number in violation of 42 U.S.C. § 409(a)(7)(B). ECF # 1. The defendant was arraigned on August 29, 2019 and entered a plea of not guilty. The Court thereafter entered trial and discovery orders. ECF ## 11 & 12. The Government moved for detention and the Court set the matter for a detention hearing on September 3, 2019. Following the detention hearing, the Court imposed a $10,000 unsecured appearance bond, read the conditions or release, and remanded the Defendant into the custody of the U.S. Marshal. ECF ## 13 & 14.

2. Shortly thereafter, the Defendant was taken into custody by ICE on an immigration detainer. The Defendant has, until recently, been in the custody of ICE in Jena, Louisiana.

## Argument

3. The Defendant argues the Government has violated her constitutional right to due process and equal protection of the law. In addition, the Defendant alleges the Government has attempted to circumvent the provisions of the Bail Reform Act (the "BRA") and disregarded the Order Setting Conditions of Release of the Defendant. Detention by immigration authorities pending deportation is considered civil, rather than criminal, in nature. *See Ramirez-Osorio v. I.N.S.*, 745 F.2d 937, 944 (5th Cir. 1984). The BRA is limited to criminal detention. It does not authorize a district court to prevent a defendant who is released from criminal custody from being detained under some other statute and by some other agency, such as ICE validly exercising its detention authority under the Immigration Nationality Act ("INA") for a different purpose. The INA governs administrative immigration proceedings and mandates that ICE detain aliens subject to final removal orders.

4. The BRA is set forth at 18 U.S.C. §§ 3141-3150. Nothing in those sections overrides the INA's mandate to ICE to detain a defendant during removal proceedings or subject to a final removal order. Although Section 3142(d) of the BRA does ensure that ICE receives notice about a particular class of alien defendants who pose a flight or safety risk, to allow ICE an opportunity to take custody or file a detainer, Section 3142(d) does not somehow forfeit the Government's ability or obligation to detain an alien who also happens to be a criminal defendant until the criminal proceedings are complete. The BRA says nothing about ICE's authority to detain under the INA in the event the court finds that, under the BRA, the defendant should be released.

5. If a court finds that the BRA does not warrant detention, that finding has no effect on the Attorney General's statutory authority to detain an alien under the INA. The BRA simply does not create a special status for defendants who are released from criminal detention such that an independent government agency cannot detain them under another statute for a different purpose. If that were the case, a district court that released a defendant charged in a federal case could prohibit a state court from detaining that defendant based on separate, independent state criminal charges. The BRA's scope is not so broad.

6. Nothing in the INA or the BRA suggest that the United States must give up its detention and removal authority if the alien is also chargeable with a crime and is afforded bail in a criminal proceeding. The BRA's language explicitly extends to release "pending judicial proceedings," not to release or detention in all contexts. *See* 18 U.S.C. § 3141. Although the Executive Branch performs multiple functions, which include both criminal prosecution and separate administrative enforcement of immigration matters including administrative removal, Congress granted these various responsibilities through multiple statutes, including the INA. Accordingly, the Executive Branch does not violate its duties in the criminal arena by exercising its valid powers in the immigration arena. Nor does it violate any of the Defendant's rights by taking her into immigration custody under the ICE detainer. The Supreme Court has opined that "[d]etention during [alien] removal proceedings is a constitutionally permissible part of that process." *Denmore v. Kim*, 538 U.S. 510, 531 (2003).

7. Defendant has offered nothing to challenge the appropriate use of the writ of habeas corpus ad prosecundum in this case, which "is necessary to bring [her] into court … for trial." 28 U.S.C.A. § 2241(c)(5).

## **Conclusion**

WHEREFORE PREMISES CONSIDERED, the Government respectfully requests that the Defendant's motion to set order for writ of habeas corpus be denied.

Dated the 9th day of October, 2019.

        Respectfully submitted,

        D. MICHAEL HURST
        United States Attorney

BY: /s/ *Shundral H. Cole*
     SHUNDRAL H. COLE
     Assistant United States Attorney
     1575 20th Avenue, 2nd Floor
     Gulfport, MS 39501
     (228) 563-1560
     Mississippi Bar No. 103003

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing response has been delivered through ECF to counsel for the Defendant.

This the 9th day of October, 2019.

/s/ *Shundral H. Cole*
SHUNDRAL H. COLE
Assistant United States Attorney
