IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 3:19cr173CWR-LRA

MELECIA BALTAZAR-SEBASTIAN
  a/k/a "Amparo Sanchez"

_____

**MOTION TO RECONSIDER RULING**

_____

The United States of America ("the Government") respectfully submits this motion for the Court to reconsider its ruling that the U.S. Department of Homeland Security's Immigration and Customs Enforcement ("ICE") may not proceed to exercise its authority under the Immigration and Nationality Act ("INA") because there is an ongoing criminal proceeding against the same individual.  The courts of appeals unanimous in recognizing ICE's authority to continue with immigration enforcement despite a simultaneous criminal proceeding.  Immigration enforcement and criminal proceedings function independently.  One does not supersede the other, and the Government should not be forced to choose which laws to enforce.  Consequently, the Government should be allowed to continue its INA enforcement despite the release of defendant Melecia Balatazar-Sebastian a/k/a "Amparo Sanchez" under the Bail Reform Act ("BRA").

## BACKGROUND

In August 2019, defendant Baltazar-Sebastian was indicted following her arrest at a chicken processing plant as part of an ICE worksite enforcement action. *See* ECF # 1. She was charged with a single count of misuse of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B). *Id.* Following a detention hearing before United States Magistrate Judge Linda Anderson, Baltazar-Sebastian was released on bond in her criminal case. *See* ECF # 13 (unsecured $10,000 bond); ECF # 14 (order setting conditions of release). The Government did not seek to appeal Judge Anderson's bond ruling.

Before Baltazar-Sebastian was released on bond, she became subject to an immigration detainer that ICE had placed on her as part of its civil administrative removal authority and was taken into ICE custody. In order to secure the defendant's appearance in court for a pretrial conference in this case, the Government moved for issuance of a writ of habeas corpus *ad prosecundum* directed to the ICE immigration holding facility. *See* ECF # 19. The court granted the writ. *See* ECF # 20. Counsel for Baltazar-Sebastian responded in opposition to issuance of the writ, but the response was filed after the writ was authorized. *See* ECF # 25.

After the court issued the writ, counsel for Baltazar-Sebastian moved to set aside the writ and moved for a hearing to clarify the status of her client's release. *See* ECF ## 26 & 27. After the parties filed further submissions, the Court held a hearing on October 15, 2019, and issued a one-page order that anticipated a further written ruling by the Court. *See* ECF # 30. In the order, the court said "[t]here is no basis for the

2

Executive Branch to keep this [defendant] in physical custody." *Id.*   "Once the criminal matter is concluded the Executive Branch may continue its immigration proceedings." *Id.* In addition to the October 15, 2019 order, the Court issued preliminary findings on the record. *See* ECF # 31 at 42-46.

Because of concerns that the Court's ruling and related comments address matters beyond the scope of the criminal case pending before this Court, the Government requests that the Court reexamine its order in light of the uniform consensus among the circuit courts of appeals that have recognized that ICE may discharge its lawful authority in pursuing its civil immigration obligations despite ongoing criminal proceedings.   The criminal proceedings and civil immigration enforcement actions function separately, and nothing in the Bail Reform Act circumscribes the ability of ICE to continue with immigration enforcement after an individual has been criminally indicted.

## DISCUSSION

I. **The Weight of Authority Recognizes ICE Can Proceed with Civil Administrative Proceedings During the Pendency of a Criminal Case**

    A. **The Courts of Appeals Have Uniformly So Ruled**

All of the United States Courts of Appeals that have issued published opinions uniformly agree that ICE can proceed with civil administrative proceedings despite the pendency of an ongoing criminal case. *See United States v. Soriano Nunez*, 928 F.3d 240, 247 (3d Cir. 2019) ("the District Court correctly declined to hold that Soriano Nunez's BRA release order mandated her release from ICE detention"); *United States v. Vasquez-Benitez*, 919 F.3d 546, 554 (D.C. Cir. 2019) (vacating district court order "prohibiting the

U.S. Marshal from delivering Vasquez-Benitez to the custody of Immigration and Customs Enforcement"); *United States v. Veloz-Alonso*, 910 F.3d 266, 269-70 (6th Cir. 2018) ("The district court erred in finding that the BRA and INA must be read to conflict."). *Cf. United States v. Ailon-Ailon*, 875 F.3d 1334, 1339-40 (10th Cir. 2017) (any such conflict between the BRA and the INA "is a matter for the Executive Branch to resolve internally"). An unpublished opinion of the Second Circuit tacitly acknowledged the authority of ICE to act despite the provisions of the Bail Reform Act. *See United States v. Ventura*, 747 Fed.Appx. 20, 22 (2d Cir. 2018) ("Neither side asserts that the BRA categorically prevents the Department of Homeland Security ... from exercising its independent statutory authority to detain an arriving noncitizen pending removal."). As the Third Circuit recently observed: "No court of appeals that has examined this assertion has concluded that pretrial release precludes pre-removal detention." *Soriano Nunez*, 928 F.3d at 245.

While the Fifth Circuit has yet to consider this issue, there is no reason to conclude that our circuit would part company with the other circuits. *See United States v. Adam*, 296 F.3d 327, 332 (5th Cir. 2002) (expressing interest in not "creating a split among the circuits"). In light of the consensus among the federal appellate courts that have examined this question, the Fifth Circuit can be expected to align itself with the courts of appeals that have considered the issue, especially given the thorough reasoning the circuit courts have provided for determining that ICE may exercise its authority notwithstanding the pendency of a criminal case.

B.  **The More Recent District Court Opinions Allow for Simultaneous Enforcement of Criminal and Immigration Laws**

In recognizing the authority of ICE to proceed despite an ongoing criminal case, the D.C. Circuit "acknowledge[d] that some district courts over the past several years have held, like the district court here, that the BRA and the INA conflict in cases like this one." *Vasquez-Benitez*, 919 F.3d at 553 (citing *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167, 1179 (D. Or. 2012); *United States v. Rangel*, 318 F.Supp.3d 1212, 1217-19 (E.D. Wash. 2018); *United States v. Boutin*, 269 F.Supp.3d 24, 26-29 (E.D.N.Y. 2017)). *See also United States v. Espinoza-Ochoa*, 371 F.Supp. 3d 1018, 1023 (M.D. Ala. 2019); *United States v. Ventura*, 2017 WL 5129012 (E.D.N.Y. Nov. 3, 2017), *remanded for further findings by United States v. Ventura*, 747 Fed.Appx. 20, 22 (2d Cir. 2018).

More recently, however, as the circuit courts of appeal have weighed in and found no conflict between criminal and immigration enforcement, district court opinions have rejected that there is a "binary framework" that forces the Executive branch to choose between prosecution and removal of a deportable alien. *Veloz-Alonso*, 910 F.3d at 268. These courts recognize that ICE may proceed with its detention and removal process despite ongoing criminal proceedings. *See, e.g., United States v. Ramirez-Arenas*, 2019 WL 2208529, at *5 (D. Colo. May 22, 2019); *United States v. Alzerei*, 2019 WL 2642824, at *4 (D. Mass. June 27, 2019); *United States v. Rincon-Meza*, 2019 WL 2208734, at *3 (W.D. Wash. May 22, 2019); *United States v. Hernandez-Olea*, 2019 WL 4459321, at *3 (M.D. Ga. Apr. 19, 2019); *United States v. Soufan*, 2019 WL 1672418, at

5

*4 (D.V.I. Apr. 17, 2019); *United States v. Pacheco-Poo*, 2018 WL 6310270, at *6 (N.D. Iowa Dec. 3, 2018).

In *Alzerei*, the District of Massachusetts court relied on the Sixth and D.C. Circuit decisions in recognizing that "'ICE's authority to facilitate an illegal alien's removal from the country does not disappear merely because the U.S. Marshal cannot detain him under the BRA pending his criminal trial.'" *Alzerei*, 2019 WL 2642824, at *3 (quoting *Vasquez-Benitez*, 919 F.3d at 553). *See also Hernandez-Olea*, 2019 WL 4459321, at *3 ("this Court agrees with the Sixth Circuit that there is no conflict between the permissive release provisions of the BRA and the mandatory provisions of the INA") (citing *Veloz-Alonso*, 910 F.3d at 270); *Soufan*, 2019 WL 1672418, at *4 ("This Court is persuaded by the position taken by the D.C. Circuit and the Sixth Circuit.").

As the District of Colorado court said in *Ramirez-Arenas*, the Sixth and D.C. Circuit's opinions "are also consistent with the Tenth Circuit's implicit statement in *Ailon-Ailon* … that criminal proceedings and removal proceedings against a defendant may proceed concurrently." 2019 WL 2208529, at *5 (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1339-40 (10th Cir. 2017)).   In *Rincon-Meza*, the Western District of Washington court rejected *Trujillo-Alvarez* as well as the defense's portrayal of the prosecution and Department of Homeland Security as a solitary entity, which "conflates the U.S. Attorney's Office and the Department in his argument, although they are separate bodies tasked with enforcing different statutory schemes with different purposes." *Rincon-Meza*, 2019 WL 2208734, at *3.   Since the courts of appeals have weighed in, most district courts have recognized that ICE may proceed to discharge its

6

lawful detention and removal authority despite the pendency of ongoing criminal proceedings.

## II. The Bail Reform Act Does Not Preclude ICE from Lawfully Acting Pursuant to the Immigration and Nationality Act

Exercising its independent statutory authority to civilly detain and remove unlawful aliens, ICE is entitled to discharge its lawful duties despite ongoing criminal proceedings. The BRA, which governs detention in criminal judicial proceedings, does not supersede the INA's statutory scheme for civil detention of removable aliens.[1]

Here, defendant Baltazar-Sebastian was transferred to the Marshals' custody solely for the purpose of the pretrial conference in this case, but ICE retained the statutory authority to civilly detain her, despite her having been granted bail in her criminal case. Neither the BRA nor the Constitution gives district courts authority to interfere with ICE's determination of how to exercise its independent statutory mandate to civilly detain removable aliens. *See Soriano Nunez*, 928 F.3d at 245; *Vasquez-Benitez*, 919 F.3d at 553; *Veloz-Alonso*, 910 F.3d at 269. The BRA and INA function independently.

---

[1] The fact that ICE has placed a detainer on a defendant following the defendant's criminal arrest does not preclude a magistrate judge from granting conditions of release. *See Soriano Nunez*, 928 F.3d at 245 n.4 ("Thus, the presence of an ICE detainer and the threat of potential removal alone are not sufficient to deny BRA pretrial release."). Despite this Court's suggestion to the contrary (ECF # 31 at 44), as was true in the Third Circuit, "[t]he record here does not indicate that the purpose of ICE detention was to circumvent a district court's BRA release order." *Soriano Nunez*, 928 F.3d at 247 n.8.

### A. The BRA Does Not Supersede ICE's Independent Authority Under the INA to Detain a Removable Alien

#### 1. ICE Has Clear Statutory Authority to Administratively Detain the Defendant

The Immigration and Nationality Act vests exclusive authority to civilly detain an alien pending an assessment of his removability in the Secretary of Homeland Security.[2] *See* 8 U.S.C. §§ 1103, 1225, 1226, 1231.  An individual who is "no longer entitled to remain in this country" lacks the same general right to "liberty in the United States" granted to criminal defendants. *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).

Detention incident to removal is a "constitutionally permissible part of that process," *Demore v. Kim*, 538 U.S. 510, 531 (2003), and is permissible for the "period reasonably necessary to secure removal," *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). This authority is longstanding and well-established. *See Jennings v. Rodriguez*, 138 S.Ct. 830, 833 (2018).   The detention of defendant Baltazar-Sebastian pursuant to the ICE detainer did not mean the Government questioned the validity of Judge Anderson's bail order (ECF # 31 at 30); rather, ICE is entitled to exercise its independent authority to enforce the civil immigration laws despite the commencement of criminal proceedings.

Indeed, from the language of the Bail Reform Act, it is evident that Congress contemplated that the BRA and INA would co-exist.   Section 3142(d) of the BRA provides for temporary, ten-day detention in certain limited cases involving defendants

---

[2] The Homeland Security Act of 2002, Pub. L. No. 107-296, transferred several of the Attorney General's functions to the Department of Homeland Security. *See Clark v. Martinez*, 543 U.S. 371, 374 n.1 (2005). Many of the INA's references to "Attorney General" are therefore now understood to mean "Secretary."

who pose a flight or safety risk, to allow government attorneys to provide notice to immigration officials so that they can take appropriate action on a defendant's conditional release. *See* 18 U.S.C. § 3142(d). The BRA thus expressly contemplates that ICE might take pretrial custody of a defendant when she makes an initial appearance in criminal court. In recognizing this dual authority, the Sixth Circuit unreservedly held that "ICE may fulfill its statutory duties under the INA to detain an illegal alien pending trial or sentencing regardless of a BRA release determination." *Veloz-Alonso*, 910 F.3d at 270. The same is true here.

### 2. District Courts Lack Authority in a Criminal Case to Set Aside ICE's Detention Decisions Under the INA

The Immigration and Nationality Act carefully limits when and how district courts may review decisions of the Executive Branch to detain aliens pending their removal. *First*, pursuant to Section 1226(e), "[n]o court may set aside any action or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). *Second*, under Section 1252(g), "notwithstanding ***any other provision of law*** (statutory or nonstatutory), … no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary] to commence proceedings." 8 U.S.C. § 1252(g) (emphasis added). This includes the decision to detain an alien for those proceedings. *See, e.g., Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013). *Finally*, 8 U.S.C. § 1252(b)(9) strips district courts of jurisdiction over aliens' claims "challenging the decision to detain them in the first place or to seek removal." *Jennings*, 138 S.Ct. at 841.

9

The sole exception to these limitations in the context of Section 1231 detention (that is, detention of aliens who are subject to a removal order) is where an alien asserts that his detention no longer is "reasonably necessary to bring about [his] removal," such that it has become "indefinite." *Zadvydas*, 533 U.S. at 689. Defendant Baltazar-Sebastian has not suggested that her immigration detention has become "indefinite," so the district court lacked any authority to nullify ICE's decision to detain him for removal.

Despite the provisions of the INA, this Court regarded its bail determination as paramount. ECF #31 at 43-45. Yet, the Bail Reform Act solely "applies to federal criminal proceedings" and "nothing in the BRA" precludes immigration authorities "from acting pursuant to their lawful duties, which include detaining aliens for removal purposes." *Soriano Nunez*, 928 F.3d at 246-47. A contrary holding cannot be reconciled with the INA or with the BRA.

The BRA and INA are not inherently irreconcilable. As the Supreme Court has explained: "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. When there are two acts upon the same subject, the rule is to give effect to both if possible .... The intention of the legislature to repeal [a portion of the one of the Acts] must be clear and manifest." *Morton v. Mancari*, 417 U.S. 535, 551 (1974) (internal quotations and citations omitted). *See Soriano Nunez*, 928 F.3d at 247 (citing *Morton*, 417 U.S. at 551); *Vasquez-Benitez*, 919 F.3d at 553 (same); *Veloz-Alonso*, 910 F.3d at 268 (same).

Neither the BRA nor the INA demonstrates any intent, much less a "clear and manifest" intent, by Congress that a federal court's order releasing an alien in a criminal case should dictate how ICE exercises its independent statutory duties for the civil detention of that alien. The two statutes have different aims and can plainly operate in harmony. The INA provides for the civil detention of removable aliens, while the BRA solely concerns criminal detention. The BRA provides the mechanism by which a court in a criminal case may order pre-trial detention or release subject to conditions reasonably designed to assure a defendant's appearance at trial and the safety of the community. *See generally* 18 U.S.C. § 3142. Just as courts must comply with the BRA's dictates in releasing or detaining criminal defendants, ICE and immigration courts must comply with the INA's separate dictates in releasing, detaining, or removing aliens. Nothing in either statute prevents their respective criminal and administrative regulatory schemes from working in tandem. The Government should not be forced to choose which laws to enforce. *See Soriano Nunez*, 928 F.3d at 247.

### B. Simultaneous Civil and Criminal Enforcement Does Not Violate Separation-Of-Powers Principles

As the Third Circuit recently recognized, "detention for removal purposes does not infringe on an Article III court's role in criminal proceedings." *Soriano Nunez*, 928 F.3d at 246. A magistrate judge making a bail determination "carries out this duty without regard to whether a separate entity with different duties may reach a different conclusion." *Id*. *See* n.1 *supra*. The D.C. Circuit said "the Department of Homeland Security's detention of a criminal defendant alien for the purpose of removal does not

11

infringe on the judiciary's role in criminal proceedings." *Vasquez-Benitez*, 919 F.3d at 552. The Supreme Court has affirmed that civil detention is a constitutionally permissible part of the Congress's broad power over immigration and the Executive's authority to execute that power." *Id.* (citing *Demore v. Kim*, 538 U.S. 510, 523, 531 (2003)). "ICE's detention does not offend separation-of-powers principles simply because a federal court, acting pursuant to the BRA, has ordered that same alien released pending his criminal trial." *Vasquez-Benitez*, 919 F.3d at 552.

In stating that, "[o]nce an Article II governmental authority invokes this Court's Article III jurisdiction of a criminal defendant, the executive agency must cede control of the defendant to the Article III court while the case against the defendant is pending" (ECF # 31 at 44), this Court disregards the Secretary of Homeland Security's broad and recognized power over immigration enforcement.[3] The Court invokes its authority over the criminal process as being paramount but the Supreme Court has recognized that the "plenary congressional power to make policies and rules for exclusion of aliens has long been firmly established" and "Congress has delegated conditional exercise of this power to the Executive." *Kleindienst v. Mandel*, 408 U.S. 753, 769-70

---

[3] Significantly, the Court's preliminary findings in this case were made in the context of a pretrial hearing in a criminal case in which the Government was represented by an Assistant United States Attorney from the Criminal Division of the United States Attorney's Office, with no one appearing on behalf of the U.S. Department of Homeland Security to represent the civil administrative interests of the ICE in enforcing its immigration and detention authority. *Cf. Vasquez-Benitez*, 919 F.3d at 550 (apart from the U.S. Attorney's challenge to the bail ruling, "separately, the Office of Immigration Litigation of the Civil Division of the Department of Justice challenges the district court order 'prohibiting [ICE] from administratively detaining the defendant for immigration proceedings during the pendency of his criminal prosecution'").

(1972).  The Court has determined that civil detention is incidental to the Executive's power to remove an alien. *Demore*, 538 U.S. at 531.  This Court's ruling creates an extra-legal exception to this plenary power for aliens who are given bail in a criminal case.

The Supreme Court was confronted with a similar situation in *Abel*, where the defendant was detained under an administrative immigration warrant and eventually turned over to the Department of Justice for criminal prosecution.  Abel argued that, once the Government sought immigration enforcement, it could no longer pursue criminal enforcement, and vice-versa. *Abel v. United States*, 362 U.S. 217, 229-31 (1960).  The Supreme Court rejected this argument, holding that Government was not barred from pursuing both civil and criminal proceedings where appropriate. *Id*. at 229.

The Third Circuit recently agreed with the other courts of appeals that "we too must follow the principle that courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Soriano Nunez*, 928 F.3d at 247 (internal quotes and citation omitted). *See Vasquez-Benitez*, 919 F.3d at 553; *Veloz-Alonso*, 910 F.3d at 268-69. Nothing in the Constitution or statutory framework supports that enforcement of the INA should give way to a criminal case.  The immigration matter is entitled to go forward without awaiting the conclusion of the criminal proceedings.

## CONCLUSION

For the foregoing reasons, the Government submits that this Court should reconsider its ruling.

                                        Respectfully submitted,

                                        D. MICHAEL HURST, JR.
                                        *United States Attorney*
                                        *Southern District of Mississippi*

                                        MARC A. PEREZ
                                        Washington Bar Number 33907
                                        *Assistant United States Attorney*
                                        501 East Court Street, Suite 4.430
                                        Jackson, Mississippi 39201
                                        Telephone: (601) 973-2820

                                        GAINES H. CLEVELAND
                                        Mississippi Bar Number 6300
                                        *Assistant United States Attorney*

By:    */s/ Shundral H. Cole*
                                        SHUNDRAL H. COLE
                                        Mississippi Bar Number 103003
                                        *Assistant United States Attorney*
                                        1575 Twentieth Avenue
                                        Gulfport, Mississippi 39501
                                        Email: Shundral.Cole@usdoj.gov

Dated: October 21, 2019                   (228) 563-1560

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day she arranged to electronically file this Reply in Support of the Motion for Appellee United States of America with the Clerk of the Court using the ECF system, which thereby electronically served counsel of record.

This the 21st day of October 2019.

                                                                /s/ ***Shundral H. Cole***
                                                               SHUNDRAL H. COLE
                                                               *Assistant United States Attorney*